FILED
Mar 26, 2020
03:54 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **MARY GILLUM,** | ) | **Docket No. 2019-07-0191** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 32026-2018** |
| **DOLLAR GENERAL CORP.,** | ) | |
| **Employer.** | ) | **Judge Amber E. Luttrell** |
| | ) | |

## EXPEDITED HEARING ORDER

The Court held an Expedited Hearing on March 5, 2020. Ms. Gillum requested medical and temporary disability benefits for her alleged cervical injury. Dollar General contended the medical proof does not establish Ms. Gillum's injury arose primarily out of her employment.[1] The legal issues are whether Ms. Gillum is likely to prevail at trial in establishing her cervical injury arose primarily out of her employment and if so, whether she is entitled to temporary disability benefits. For the reasons below, the Court holds Ms. Gillum provided sufficient proof at this interlocutory stage that she is entitled to limited medical and temporary disability benefits.

### History of Claim

Ms. Gillum alleged she injured her neck/left shoulder on Monday, April 2, 2018.[2] While pulling a container carrying large bags of pet food, a bag fell on her left shoulder. She testified her pain increased throughout the day, so she reported the injury to her supervisor, who told her to file for FMLA leave. Ms. Gillum filed the FMLA application noting a work-related injury. Dollar General did not initially provide Ms. Gillum a panel of physicians, so she sought unauthorized treatment and took FMLA leave, which Dollar General approved through April 16.

---

[1] At the hearing, Dollar General asserted that notice was no longer an issue.

[2] The Court notes some inconsistencies in the medical records regarding the date of the incident. Some records state it occurred on Friday, March 30. However, the date of injury was not asserted as an issue at the expedited hearing, and the Court finds the records supported Ms. Gillum's account of the incident where a bag of dog food fell on her.

Ms. Gillum first saw her primary care providers at Bruceton Clinic on April 2 for acute left-shoulder pain. Her physician took her off work through April 20. (Ex. 5.) Two days later, she sought emergency treatment at Camden Hospital for left-sided shoulder and neck pain radiating down her left arm, which she related to a fifty-pound bag of dog food falling on her at work. The provider diagnosed an acute cervical sprain.

Ms. Gillum later underwent a cervical MRI and saw Dr. William Scott, a neurosurgeon, for further evaluation. Dr. Scott noted the MRI showed severe spondylosis throughout Ms. Gillum's cervical spine with disc bulging and mild to moderate canal and neural foraminal narrowing. He diagnosed neck and upper trapezius pain with no true radicular weakness or sensory discrepancies and cervical spondylosis. He did not recommend surgery and referred her to a pain specialist.

Several months later, Dollar General offered a panel of physicians, from which Ms. Gillum selected Dr. Blake Garside. Ms. Gillum gave Dr. Garside a history of the dog food falling on her and reported persistent pain, weakness, numbness, and tingling in her neck and posterior shoulder radiating down her left arm and difficulty with range of motion.

Dr. Garside's report stated that Dollar General provided him greater than 430 pages of medical records for review, and he spent four and one-half hours on the evaluation and report. In addition to Ms. Gillum's treatment records, Dr. Garside also reviewed several records from 2015 and 2016, where Ms. Gillum saw her primary care provider for left shoulder/arm complaints/symptoms. He summarized her prior treatment, noting her previous complaints of left-hand and arm numbness and tingling dating back to 2015. She saw her primary care provider for moderate left upper-extremity pain with numbness and tingling. She was also evaluated by Dr. Ronald Bingham in 2016 for an EMG/nerve conduction study. He found normal results but stated her clinical history suggested a cervical radiculopathy.

After evaluating Ms. Gillum, Dr. Garside diagnosed chronic cervical spondylosis with acute cervical strain and left scapular pain. He stated her MRI findings suggested chronic cervical spondylosis; however, he noted her recent history of an acute work injury with increase in her symptoms. He stated, "Whereas, I do not feel these have caused her underlying pre-existing spondylosis and degenerative changes, she has an acute increase in her pain, likely related to the traumatic event." Dr. Garside recommended she see a physiatrist for her acute pain. He went on to conclude,

> In my opinion, Ms. Gillum's pre-existing cervical spondylosis is not primarily related to her work injury. However, her mechanism of injury is consistent with an acute strain of her cervical spine that would likely benefit from continued non-operative management such as physical therapy, anti-inflammatory, or trigger point injections for return to her

2

baseline status. Any treatment for the underlying chronic degenerative changes is . . . not related to the work incident.

Regarding her shoulder, Dr. Garside stated that nothing suggested underlying shoulder pathology to warrant any further diagnostic testing. He recommended a lifting restriction of no more than ten pounds until Ms. Gillum could be seen by a physiatrist.

At the hearing, the parties stipulated Dollar General terminated Ms. Gillum on July 29, 2018, for not returning to work after the exhaustion of her FMLA leave. Dollar General asserted her FMLA leave ended on April 16, but it extended it through April 20 based on her physician's off-work slip. The parties further stipulated that Dr. Garside was Ms. Gillum's panel-selected authorized treating physician, and her compensation rate is $223.92.

**Findings of Fact and Conclusions of Law**

To prevail at an expedited hearing, Ms. Gillum must demonstrate that she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019).

*Motion to Dismiss*

At the conclusion of Ms. Gillum's proof, Dollar General moved for dismissal of Ms. Gillum's expedited hearing request on grounds her affidavit did not comply with Tennessee Compilation Rules and Regulations 0800-02-21-.15(1) (Aug. 2019). It further moved for involuntary dismissal of Ms. Gillum's claim under Tennessee Rule of Civil Procedure 41.02(2).

In its first argument, Dollar General asserted that Ms. Gillum's affidavit failed to state the relief requested and did not provide documentation demonstrating she is entitled to relief as required under Tennessee Compilation Rules and Regulations 0800-02-21-.15(1). The Court finds no merit in this argument.

Ms. Gillum provided in her affidavit the nature, date, and mechanism of injury, and to whom she reported it. In the Petition for Benefit Determination (PBD), Ms. Gillum also described her injury and conveyed the requested relief by stating, "I am not receiving medical treatment and not receiving temporary total [disability] benefits." The Dispute Certification Notice (DCN) confirmed Ms. Gillum's alleged injury and the issues. The mediator filed documents with the DCN provided by Ms. Gillum in support of her claim, which included a medical records index containing eighty-four pages of records.

Considering Ms. Gillum's affidavit addressing her injury, combined with the PBD, DCN, and the record as a whole, the Court holds Ms. Gillum complied with Rule 0800-02-21-.15(1) and demonstrated she believes she is entitled to medical and temporary disability benefits. She provided sufficient facts for Dollar General to prepare for the

3

expedited hearing or otherwise respond to the claim.

Dollar General further moved for involuntary dismissal under Tennessee Rule of Civil Procedure 41.02, which provides: After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant . . . may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

At this interlocutory stage, Ms. Gillum need not prove all elements of her case by a preponderance of the evidence. Instead, she must present sufficient evidence to show that she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1). Thus, a motion to dismiss is not appropriate at an Expedited Hearing, an interlocutory proceeding.

*Application of Law to Facts*

Dollar General contended Ms. Gillum did not establish her alleged cervical injury arose primarily out of her employment based on Dr. Garside's causation opinion. It acknowledged that Dr. Garside related her symptoms, in part, to her work injury. However, it argued he did not quantify the contribution of her work to her symptoms and need for treatment. Respectfully, the Court finds this argument unpersuasive.

Dr. Garside stated his opinion that Ms. Gillum had chronic underlying cervical spondylosis and degenerative changes that were not primarily related to her work injury. On this point, the Court agrees that, based on Dr. Garside's opinion, Ms. Gillum is not likely to prevail in her request for medical benefits related to those underlying conditions. However, he made a distinction concerning her acute cervical strain. He stated her reported mechanism of injury was consistent with an acute cervical strain and would benefit from nonoperative management to return her to baseline status. His record indicates he considered Ms. Gillum's prior treatment for similar symptoms in his evaluation. While Dr. Garside might not have "couched his opinion in a rigid recitation of the statutory definition of injury," our Appeals Board has concluded that a physician need not use particular words or phrases included in the statute to establish the requisite medical proof to succeed at trial. "What is necessary, however, is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in 50-6-102(14) are satisfied." *Panzarella v. Amazon.com, Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (May 15, 2017). Here, the Court finds Dr. Garside's opinion regarding Ms. Gillum's acute strain and need for nonoperative treatment sufficient, at this expedited hearing stage, to show she is likely to prevail in her request for medical benefits. Further, the Court holds she established entitlement to see a physiatrist, as recommended by Dr. Garside.

Turning to Ms. Gillum's request for temporary disability benefits, Dollar General argued Ms. Gillum would not be entitled to these benefits after her termination date of

July 29, 2018, based on her violation of its attendance policy.

To establish entitlement to temporary benefits, Ms. Gillum must show (1) she became disabled from working due to a compensable injury, (2) a causal connection between that injury and his inability to work, and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Here, Ms. Gillum's primary care providers took her off work through April 20, 2018. However, no medical proof shows that she was taken off work beyond that date. Thus, the Court finds Ms. Gillum is entitled to temporary total disability benefits through April 20, 2018.[3]

**IT IS THEREFORE ORDERED:**

1. Dollar General shall provide Ms. Gillum a panel of physiatrists for nonoperative treatment for her acute cervical strain as recommended by Dr. Garside under Tennessee Code Annotated section 50-6-204.

2. Dollar General shall pay Ms. Gillum temporary disability benefits from the date of injury through April 20, 2018, at her stipulated rate of $223.92.

**ENTERED March 26, 2020.**

Judge Amber E. Luttrell
Court of Workers' Compensation Claims

**APPENDIX**

Exhibits
1. Ms. Gillum's Affidavit
2. First Report of Injury
3. Wage Statement
4. Panel
5. Notice letter
6. FMLA leave documentation
7. Handbook Acknowledgement
8. Dollar General Letter

---

[3] Arguably, Ms. Gillum might be entitled to temporary partial disability benefits. However, neither party introduced proof on her work status and whether she is not working because of Dr. Garside's restrictions, and Ms. Gillum did not request these benefits. Therefore, the Court declines to rule on the issue at this time.

9.  Rule 72 Declaration of Bobby Ray
10. Excerpts of Employee Handbook
11. Medical Records (collective)

Technical Record
1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Attorney Keeton's Motion to Withdraw
4.  Response to Motion to Withdraw
5.  Order Denying Motion to Withdraw
6.  Order Setting for Show Cause
7.  Order Resetting Show Cause Hearing
8.  Order Allowing Additional Time and Granting Motion to Withdraw
9.  Order Allowing Additional Time
10. Request for Expedited Hearing
11. Order Denying Request for Decision on the Record
12. Order Setting Expedited Hearing
13. Employer's Pre-Hearing Brief
14. Employer's Witness List
15. Employer's Amended Witness and Exhibit List

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 26, 2020.

| Name | First Class Mail | Email | Service sent to: |
|---|---|---|---|
| Mary Gillum, Employee | X | | 233 N. Wyatt Bruceton, TN 38317 |
| James Tucker, Employer's counsel | | X | jtucker@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $_____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____